# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| **KARA SAAL** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:23-cv-01409** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **NUTRIEN AG SOLUTIONS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | **Jury Trial Demanded** |
| | ) | |

## COMPLAINT

**NOW COMES** Plaintiff, Kara Saal ("Plaintiff"), by and through the undersigned counsel, hereby filing this Complaint against Nutrien AG Solutions, Inc. ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*, ("Title VII") seeking redress for Defendant subjecting Plaintiff to sexual harassment, Defendant's discrimination on the basis of Plaintiff's sex, and Defendant's retaliation against Plaintiff for engaging in protected activity under the Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Central District of Illinois, Peoria Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant

operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4.      All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

5.      A charge of employment discrimination on basis of sex, sexual harassment, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR"). (Attached hereto as Exhibit "A").

6.      Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7.      At all times material to the allegations of this Complaint, Plaintiff, Kara Saal, resides in Tazewell County in the State of Illinois.

8.      At all times material to the allegations in this Complaint, Defendant Nutrien AG Solutions, Inc., is a corporation doing business in and for Tazewell County at 103 N. Main Avenue, Minier, IL 61759. Their principal place of business is located at 5296 Harvest Lake Drive, Loveland, CO 80538.

9.      Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

10.     During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry

affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## **BACKGROUND FACTS**

11.     Plaintiff was employed by Defendant as an Administrative Coordinator from on or about September 13, 2021 until on or about October 10, 2022.

12.     Plaintiff worked out of the Minier, IL location.

13.     Plaintiff performed a specific job which was an integral part of the business of Defendants.

14.     Plaintiff is female and is a member of a protected class because of her sex, because of which Defendant subjected to different terms and conditions of employment than others not within her protected class.

15.     Plaintiff has also been subjected to a hostile work environment on the basis of sex, violating Title VII.

16.     During her employment for Defendant, Plaintiff met or exceeded Defendant's performance expectations in all areas, as to the best of her knowledge, Plaintiff received no disciplinary write ups or negative performance remarks.

17.     Beginning on or about May 1, 2022, two of Defendant's employees (males) began sexually harassing Plaintiff.

18.     Plaintiff immediately reported this inappropriate conduct to her manager.

19.     The manager requested that Plaintiff write a formal complaint and sign the document, and Plaintiff did so.

20.     However, no action was taken, and Plaintiff was forced to continue working alongside her harassers.

21.     Under these conditions, the sexual harassment by Defendant's employees was

allowed to continue.

22.     On or about July 10, 2022, Plaintiff filed another report complaining of the sexual harassment and discrimination.

23.     On or about September 5, 2022, Plaintiff once again filed a report detailing the sexual harassment and discrimination she was constantly subject to.

24.     Unfortunately, Defendant simply ignored these complaints.

25.     Plaintiff was emotionally distraught and let down knowing that Defendant had ignored her complaints.

26.     Therefore, feeling as she was left with no other way to report the conduct or get Defendant's attention, Plaintiff took to social media to report the sexual harassment and discrimination.

27.     On or around October 7, 2022 Plaintiff made a post on her private Facebook page regarding the conduct and how Defendant failed to help Plaintiff or remedy the situation.

28.     On or about October 10, 2022, Plaintiff was asked to come in for a meeting.

29.     During this meeting, Plaintiff was terminated.

30.     Plaintiff was given the pre-textual reason that she was fired for "posting negatively about the company"

31.     In reality, Plaintiff was fired for filing complaints of sexual harassment and discrimination, and opposing unlawful discrimination.

32.     There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to, as the individuals that repeatedly sexually harassed Plaintiff were employees of Defendant.

33.    Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- by lodging several direct complaints to Defendant.

**COUNT I**
**Violation of Title VII of the Civil Rights Act**
**(Sexual Harassment)**

34.    Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

35.    By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

36.    Defendant knew or should have known of the harassment.

37.    The sexual harassment was severe or pervasive.

38.    The sexual harassment was offensive subjectively and objectively.

39.    The sexual harassment was unwelcomed.

40.    Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's sex, female.

41.    Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

42.    As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT II**
**Violation of the Title VII of the Civil Rights Act of 1964**
**(Sex-Based Discrimination)**

43.    Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

44.    By virtue of the conduct alleged herein, Defendant intentionally discriminated

against Plaintiff based of Plaintiff's sex, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

45.    Plaintiff met or exceeded performance expectations throughout the duration of her employment with Defendant.

46.    Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

47.    Plaintiff's was terminated on the basis of Plaintiff's sex.

48.    Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex.

49.    Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

50.    As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## <u>COUNT III</u>
### Violation of Title VII of the Civil Rights Act
### (Retaliation)

51.    Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

52.    Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

53.    During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about sexual harassment and sex-based discrimination that she was continuously subjected to.

54.    As such, Plaintiff engaged in protected conduct and was protected against unlawful

retaliation by Defendant under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

55.    In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sexual harassment and sex-based discrimination.

56.    Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff..

57.    Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity, specifically termination of her employment with Defendant.

58.    By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the sexual harassment and sex-based discrimination, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

59.    Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

60.    As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

      a.    Back pay and benefits;

      b.    Interest on back pay and benefits;

      c.    Front pay and benefits;

      d.    Compensatory damages for emotional pain and suffering;

e.    Pre-judgment and post-judgment interest;

f.    Injunctive relief;

g.    Liquidated damages;

h.    Punitive damages;

i.    Reasonable attorney's fees and costs; and

j.    For any other relief this Court may deem just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 30th day of October, 2023.

> /s/ *Alexander Taylor*
> **ALEXANDER TAYLOR, ESQ.**
> IL Bar No.: 6327679
> Sulaiman Law Group, Ltd.
> 2500 South Highland Ave., Ste. 200
> Lombard, IL 60148
> (331) 272-1942
> (630) 575-8188 (fax)
> ataylor@sulaimanlaw.com
> *Counsel for Plaintiff*