IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KARA SAAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-cv-1409-JES-JEH |
| | ) |
| NUTRIEN AG SOLUTIONS, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

On October 30, 2023, Plaintiff filed a Complaint alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., claiming that Defendant Nutrient AG Solutions, Inc. ("Nutrien"), subjected her to sexual harassment, sex-based discrimination, and Title VII-based retaliation. Plaintiff alleges that Nutrien comes under the § 2000e(b) requirement of Title VII as, at all relevant times, it employed at least fifteen individuals. (Doc. 1 at 2). Plaintiff further pleads that she exhausted her remedies having cross-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR") and having timely filed suit within 90 days of the receipt of the EEOC's Right to Sue letter. On January 23, 2024, Plaintiff's request for a Clerk's Entry of Default was granted and she now moves for the entry of a default judgment.

The record establishes that Defendant was served on October 9, 2023, by personal service on "Derrick Hackett - Intake Specialist - CT Corporation," a person "designated by law to accept service of process on behalf of Nutrient AG Solutions, Inc."[1] (Doc. 5 at 2). Despite this, Defendant did not appear or respond. As noted, a Clerk's Order of Default followed. Plaintiff

---

[1] CT Corporation System is listed as the registered agent for Nutrien. *See* Business Entity Search (ilsos.gov) (last visited Feb. 29, 2024).

1

now files a Motion for Entry of a Default Judgment, (Doc. 9), requesting back pay, compensatory damages for emotional distress, costs, and attorney's fees all totaling $27,814.75; plus post-judgment interest. Plaintiff also seeks an order under Fed. R. Civ. P 69(A)[2] to conduct discovery to facilitate the collection and enforcement of the default judgment. For the reasons indicated herein, Plaintiff's motion (Doc. 9), is GRANTED with the exception that the request for attorney's fees is RESERVED, pending proof to be submitted by Plaintiff.

## STANDARD

"Federal Rule of Civil Procedure 55 creates a two-step process for a party seeking default judgment. First, the plaintiff must obtain an entry of default from the Clerk." *Barrett v. Invictus Real Estate Group, LLC*, No. 20-02275, 2022 WL 1499725, at *1 (S.D. Ind. May 11, 2022) (citing *VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016)); Fed. R. Civ. P. 55(a). A clerk's entry of default "'is recognition of the fact that a party is in default for a failure to comply with the rules' and 'is an interlocutory step taken in anticipation of a final default judgment under Rule 55(b).'" *Dvore v. Casmay*, No. 06-3076, 2008 WL 4427467, at *4 (N.D. Ill. Sept. 29, 2008) (quoting *Media Communications, Inc. v. Multimedia Sign-Up, Inc.*, No. 99-5009, 1999 WL 966078, at *3 (N.D. Ill. Oct. 8, 1999)). The effect of entry of default is that the complaint's well-pleaded allegations relating to liability are taken as true. *Barrett*, 2022 WL 1499725, at *1 (citing *VLM*, 811 F.3d at 255).

An entry of default will not determine the parties' rights as "[t]hat role is reserved for a default *judgment*." *Id. See Zhu Zhai Holdings Ltd. v. Ivankjovich*, No. 20-4985, 2021 WL 3634013, at *3 (N.D. Ill. Aug. 17, 2021), *aff'd sub nom. Zhu Zhai Holdings Ltd. v. Ivankovich*, No. 21-3038, 2022 WL 1439396 (7th Cir. May 6, 2022) (emphasis in original). "'Once the

---

[2] The Rule is correctly cited as Fed. R. Civ. P. 69(a).

2

default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks.'" *Id*. (quoting *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004)). "Simply put, plaintiffs must still prove damages after default has been entered." *Id*. (citing *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012)).

The Court need not conduct an evidentiary hearing to determine damages if the amounts "are capable of easy computation." *Id*. (citing *Domanus v. Lewicki*, 742 F.3d 290, 304 (7th Cir. 2014); 10A Charles Alan Wright, *et al.*, Federal Practice & Procedure § 2688 (4th ed. 2020); Fed. R. Civ. P. 55(b)). *See Barrett*, 2022 WL 1499725, at *1 (determining the amount of damages without a hearing where they could be calculated from "definite figures" in evidence) (citing *Villanueva v. Falcon Const. Co.*, No. 09-107, 2010 WL 1577277, at *1 (N.D. Ind. Apr. 14, 2010)). *See also Pharmerica Midwest, LLC v. Bravo Care of Galesburg, Inc.*, No. 20-04023, 2021 WL 1061970, at *2 (C.D. Ill. Mar. 19, 2021) (determining a hearing was not necessary where "[t]he amounts requested are 'capable of ascertainment' from documentary evidence or affidavits.") (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). The Plaintiff here seeks recovery in the form of back pay, compensatory damages for emotional distress, post-judgment interest, costs, and attorneys' fees.

Under Title VII, Plaintiff may recover equitable damages in the form of back pay, or front pay in lieu of reinstatement. *Morris v. BNSF Railway Co.*, 959 F.3d 753, 767-68 (7th Cir. 2020) (internal citations omitted). The 1991 amendment to the Civil Rights Act now allows a claim for compensatory damages. *See* §1981a(b)(2); *Gedmin v. N. Am. Safety Products, Inc.*, No. 08-0337, 2010 WL 4539447, at *1 (N.D. Ill. Nov. 3, 2010) (internal citations omitted) ("'With the passage of the Civil Rights Act of 1991, a plaintiff also may recover compensatory damages[.]'") (quoting *Hildebrandt v. Illinois Dept. of Natural Resources*, 347 F. 3d 1014, 1031 (7th Cir.

3

2003). Compensatory damages under § 1981a also include recovery for emotional distress. *Lampley v. Onyx Acceptance Corp.*, 340 F.3d 478, 484 (7th Cir. 2003). Additionally, Title VII provides for pre and post-judgment interest[3], as well as attorney's fees. *See* § 20003-5(k). Title VII also allows for punitive damages except as against a government, governmental agency, or political subdivision.[4]

While compensatory damages are allowed, they "are subject to limitations or 'caps' based on the size of the employer." *Gedmin*, 2010 WL 4539447, at *1 (citing *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 119 2002)); *see* § 1981a(b)(3). S*ee also Gracia v. Sigmatron Int'l, Inc.,* 102 F. Supp. 3d 983, 992 (N.D. Ill. 2015) ("'The purpose of placing a constitutional ceiling on punitive damages is to protect defendants against outlandish awards[.] ... That purpose falls out of the picture when the legislature has placed a tight cap on total, including punitive, damages and the courts honor the cap.'") (quoting *Lust v. Sealy, Inc.*, 383 F.3d 580, 590–91 (7th Cir. 2004)).

The Plaintiff here does not reveal the number of individuals employed by Nutrien but her $15,000 compensatory damages request for emotional distress is well within the $50,000 maximum liability for the smallest subset of employers, those with 14 to 101 employees.[5]

**Back Pay**

Plaintiff requests back pay as part of her damages. There is "'a strong presumption'" in favor of an award for back pay. *Heyne v. Nick's Am. Pancake & Cafe, Inc.*, No. 11-305, 2013 WL 6047553, at *3 (N.D. Ind. Nov. 15, 2013) (quoting *EEOC v. Ilona of Hungary, Inc.*, 108 F.3d 1569, 1579 (1997)). Plaintiff has the burden of proving the back pay owed and this can be done

---

[3] *Frey v. Hotel Coleman*, 903 F.3d 671, 682 (7th Cir. 2018).
[4] *Cleaves v. City of Chicago*, 68 F. Supp.2d 963, 969 (N.D. Ill. 1999).
[5] Section 1981a(b)(3):

4

by "'measuring the difference between actual earnings for the period and those which she would have earned absent the discrimination by defendant.'" *Id.* (quoting *Horn v. Duke Homes*, 755 F.2d 599, 606 (7th Cir.1985) in turn quoting *Taylor v. Philips Indus., Inc.*, 593 F.2d 783, 786 (7th Cir. 1979)). In *Heyne*, the court computed the back pay by multiplying the plaintiff's average weekly wage by the number of weeks she missed before finding comparable work. *Id*. at *4. Here, Plaintiff has provided a sworn affidavit attesting that she earned $3,000 per month and was off for three months for a total of $9,000 claimed as back pay. (Doc. 10-1 at 3). The Court, considering the presumption that back pay will be awarded, finds that amount reasonable.

**Compensatory Damages**

As noted, Plaintiff requests compensatory damages for the emotional distress she has experienced. *See Hines v. JBR Trucking, LLC.*, No. 18-2159, 2020 WL 1429907, at * (C.D. Ill. Mar. 24, 2020) ("Victims of intentional discrimination prohibited by Title VII may recover compensatory damages for 'emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.'") (quoting § 1981A(b)(3)). The Seventh Circuit has warned that compensatory damages awarded under Title VII are not to be "monstrously excessive"; that there must be "a rational connection between the award and the evidence," and the amounts must be "roughly comparable to awards made in similar cases." *Lampley*, 340 F.3d at 483–84; *Equal Emp't Opportunity Comm'n v. Autozone, Inc.*, 707 F.3d 824, 833 (7th Cir. 2013).

Plaintiff attests that she was "subjected to sexual harassment perpetrated by male coworkers, which made [her] feel extremely uncomfortable and unsafe while at work." (Doc. 10-1 at 1). Despite reporting this, she was "forced to work with [her] harassers and continue to be subjected to sexual harassment with [her] employer's knowledge." Plaintiff claims that her

5

reports of the misconduct went unanswered and when she went public with her complaints on a Facebook posting, she was summarily terminated. *Id*. She attests that the harassment and discrimination have caused her to suffer greatly and have deeply affected her mental state. (Doc. 10-1, at 2). Plaintiff requests $15,000 in compensation for the emotional distress she has suffered. Plaintiff has provided a list of recent sex-based discrimination case verdicts and settlements to support that this amount is reasonable. (Doc. 10-2).

The Court finds that Plaintiff has sufficiently established a recoverable injury as a result of the emotional distress caused by the sexual discrimination. *See EEOC v. HCS Med. Staffing, Inc.*, 2012 WL 529593, at * 3 (E.D. Wis. Feb. 17, 2012) (awarding the statutory maximum as compensatory damages based on plaintiff's affidavit testimony demonstrating emotional distress). *See Hines*, 2020 WL 1429907, at *4 (awarding $50,000 in compensatory damages where "[t]he circumstances leading up to Defendants' discriminatory termination of Plaintiff were inherently humiliating and caused Plaintiff substantial emotional distress."). Plaintiff has also sufficiently established that the requested award is reasonable. *Lampley*, 340 F.3d at 483–84. The Court hereby awards Plaintiff $15,000 in compensatory damages for the emotional distress alleged.

**Attorney's Fees and Costs**

Plaintiff seeks attorneys' fees and costs, providing the affidavit of counsel, Alexander James Taylor who asserts a claim for $3,350.25 in attorney's fees and $464.50 in costs. There is little support for the attorney's fees as Mr. Taylor attests only, "Billing has been kept by an electronic billing system and is reasonable for an attorney with similar experience." He does not provide billing records, disclose the hourly rate at which he bills, or provide any information as to his level of experience. (Doc. 10-3 at 3). A court has "'an independent obligation'" to ensure

all requested fees are reasonable. *Herrera v. Grand Sports Arena, LLC*, No. 17-0452, 2018 WL 6511155, at *2 (N.D. Ill. Dec. 11, 2018) (quoting *Spellan v. Bd. of Educ. for Dist. 111*, 59 F.3d 642, 646 (7th Cir. 1995)). In determining the reasonableness of attorney's fees, courts often use the lodestar approach which is determined by "multiplying a reasonable hourly rate by the number of hours reasonably expended on the litigation." *Thorncreek Apartments III, LLC v. Mick*, 886 F.3d 626, 638 (7th Cir. 2018). "A reasonable hourly rate is 'the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question.'" *Kelty v. Patterson*, No. 18-762, 2019 WL 2865650, at *2 (E.D. Wis. July 3, 2019) (quoting *Spegon v. Catholic Bishop of Chicago*, 175 F. 3d 544, 555 (7th Cir. 1999) in turn quoting *Bankston v. State of Illinois*, 60 F.3d 1249, 1256 (7th Cir. 1995)), *report and recommendation adopted,* No. 18-762, 2019 WL 3501526 (E.D. Wis. July 31, 2019). "We presume that an attorney's actual billing rate for similar litigation is appropriate to use as the market rate." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011) (citing *Denius v. Dunlap,* 330 F.3d 919, 930 (7th Cir. 2003)).

The Plaintiff has the burden to "establish the market rate for [her] attorney's work" by submitting "sufficient evidence of the market rate." *Sommerfield v. Knasiak*, No. 08-3025, 2021 WL 5795303, at *4 (N.D. Ill. Dec. 7, 2021), *aff'd,* No. 22-1100, 2023 WL 4623887 (7th Cir. July 19, 2023) (internal citations omitted). While $3,350.25 is likely reasonable, the Court does not have sufficient information on which to base such a finding. This matter is reserved, with Plaintiff given leave to file documentary evidence delineating the number of hours billed, the attorney's billable rate, and support that the billable rate is consistent with the market rate.

**Post-Judgment Interest**

Plaintiff seeks post-judgment interest for the period between the entry of the award and the time the judgment, including attorneys' fees and costs, is paid. *See Martinez v. Nationwide Capital Services, LLC*, No. 22-00622, 2022 WL 9461889, at *2 (S.D. Ind. Oct. 13, 2022) ("'[A] prevailing plaintiff in federal court is automatically entitled to postjudgment interest.'") (quoting *Miller v. Artistic Cleaners*, 153 F.3d 781, 785 (7th Cir. 1998)). 28 U.S.C. § 1961(a) provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court," to be "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding.[6] the date of the judgment." Such "[i]nterest shall be computed daily to the date of payment ... and shall be compounded annually." § 1961(b). As this Court awards money damages, it will award post-judgment interest accruing at the statutory rate prescribed in § 1961.

**Rule 69(a) Discovery**

Plaintiff also requests an opportunity to conduct discovery under Rule 69(a) to aid in collection of the Judgment. Federal Rule of Civil Procedure 69(a)(2) provides:

> In aid of the judgment of execution, the judgment creditor or a successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.

*See Quality Leasing Co., Inc. v. Int'l Metals LLC*, No.18-01969, 2021 WL 2915026, at *1 (S.D. Ind. July 9, 2021) (noting that Fed. R. Civ. P. 69 authorizes supplementary proceedings to "enable creditors to enforce money judgments against non-paying debtors.") (quoting *Garner v.*

---

[6] Misplaced period contained in the original.

*Kempf,* 93 N.E.3d 1091, 1095 (Ind. 2018)) (internal citation omitted); *Our Lady of Bellefonte Hosp. v. Ashland GI Services, LLC*, No. 11-6833, 2012 WL 787199, at *3 (N.D. Ill. Mar. 9, 2012) (noting that Rule 69(a)(2) specifically authorizes a party "to obtain discovery in aid of execution, including issuing Rule 33 and Rule 34 discovery requests.").

Rule 69(a)(2) provides that discovery requests "may be made pursuant to either the federal rules or the corresponding rules of the forum state." *Signature Fin. LLC v. Shtayner*, 18-4676, 2020 WL 6870817, at *3 (N.D. Ill. Nov. 23, 2020) (citing *Rubin v. The Islamic Republic of Iran*, 637 F.3d 783, 795 (7th Cir. 2011)). Here, Plaintiff chooses to proceed under the federal discovery rules. As a result, her request for Rule 69(a) discovery is granted and she is "free to utilize any of the discovery devices provided in Rules 26 through 37 of the Federal Rules of Civil Procedure." *O.H.M Resource Recovery Corp. v. Industrial Fuels & Resources, Inc.*, 1991 WL 146234, *2 (N.D. Ind. July 24, 2001).

**Conclusion**

Accordingly, Plaintiff's Motion for Default Judgment is GRANTED, and the following amounts are awarded as damages: $9,000 as back pay; $15,000 as compensatory damages; and $464.50 as costs. The request for $3,350.25 in attorney's fees is RESERVED. Plaintiff will have 21 days in which to provide evidence to support the request for attorney's fees. After that, the case will be closed, and judgment will enter. The Court GRANTS post-judgment interest which is to accrue at the statutory rate prescribed in 28 U.S.C. § 1961. The Court also GRANTS the request for discovery pursuant to Fed. R. Civ. P. 69(a).

ENTERED this 3rd day of April 2024.

                                                  s/James E. Shadid
                                                  JAMES E. SHADID
                                         UNITED STATES DISTRICT JUDGE